# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 21, 2010 Session

## STATE OF TENNESSEE v. JOHN EDWARD WINN, JR.

**Appeal from the Criminal Court for Davidson County**
**Nos. 2005-C-2553 and 2006-C-2565    Seth Norman, Judge**

_____

**No. M2009-00094-CCA-R3-CD - Filed June 22, 2010**

_____

The Defendant, John Edward Winn, Jr., was placed on probation for eight years after pleading guilty to aggravated burglary and aggravated assault. Following a revocation hearing, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his eight-year sentence in the Department of Correction. On appeal, the Defendant contests the trial court's evidentiary rulings during the revocation hearing and the sufficiency of the evidence supporting the revocation. Upon our review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for a new hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

John Herbison, Nashville, Tennessee, for the appellant, John Edward Winn, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dina Shabayek, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## Factual Background

On October 5, 2007, the Defendant pleaded guilty to aggravated assault (Case No. 2005-C-2553) and aggravated burglary (Case No. 2006-C-2565). See Tenn. Code Ann. §§ 39-13-102, -14-403. Under the terms of the agreement, he received consecutive terms of four years as a Range I, standard offender for these convictions. His effective eight-year sentence was suspended, and he was placed on probation.

On August 20, 2008, the Defendant's probation officer, Thomas Dean, filed a violation of probation warrant, alleging that the Defendant had been arrested on August 8 for two counts of harassment, two counts of aggravated assault, and one count of aggravated rape, and had failed to report these arrests. The warrant further provided that the Defendant had failed to verify employment and that the Defendant was "high on crack cocaine" at the time he committed the new offenses.

The trial court held a hearing on the warrant, at which time the State presented the testimony of John Ferrell, the Defendant's current probation officer. Mr. Ferrell testified that he supervised the Defendant following Thomas Dean's departure from the Nashville probation and parole office. Mr. Ferrell stated that, "[a]ccording to the record," the Defendant was arrested for harassment, aggravated assault, and aggravated rape on August 8, 2008. Mr. Ferrell then provided the arrest warrants reflecting the Defendant's new arrests. While not challenging the issuance of the warrants, defense counsel objected to the information contained in the warrants as violative of the hearsay rule and the Defendant's confrontation right. The trial court sustained the objection, reasoning as follows: "I'm going to take it into consideration the contents of the warrant, just the fact that he had been arrested on those charges . . . is the only thing I'm interested in. I think you are correct with regard to the information contained in the warrant." The arrest warrants were not admitted into evidence and are not a part of the record on appeal.

Mr. Ferrell was then asked about the other violations reported in the warrant, and he stated that the report indicated that the Defendant had failed to report the new arrests to his probation officer, had failed to show lawful proof of employment, and was high on crack cocaine when he committed the new offenses. Defense counsel also objected to this testimony on hearsay and confrontation grounds, but the trial court overruled the objection and permitted the testimony. When asked if the Defendant had any other violations, Mr. Ferrell responded that the Defendant was behind in his probation fees, fines, and court costs. According to Mr. Ferrell, the Defendant had been on probation for over a year prior to the revocation hearing.

On cross-examination, Mr. Ferrell confirmed that he was not the probation officer who filed the warrant and that he had no personal knowledge of the matters contained therein. Neither Thomas Dean nor the victim of the new offenses were present to testify.

No further proof was presented. Following the arguments of counsel, the trial court simply ruled, "Probation violation warrant sustained and sentence placed into effect." This appeal followed.

## ANALYSIS

On appeal, the Defendant asserts that the trial court abused its discretion by revoking his probation and ordering him to serve the remainder of his original eight-year sentence in confinement. The basis of the Defendant's argument is that the trial court erred in admitting the probation officer's testimony as hearsay and because its admission violated his constitutional right to confrontation. The Defendant further argues that, while there was evidence that he was arrested, there was no evidence presented by someone with personal knowledge of the facts underlying those new charges. The State concedes that a remand is necessary.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

While we recognize that a new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation. See Harkins, 811 S.W.2d at 83 n.3 (Tenn. 1991). A revocation on this basis requires the State to "produce evidence in the usual form of testimony" in order to establish the probationer's commission of another offense while on probation. State v. Walter Lee Ellison, Jr., No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App., Nashville, May 29,

1998); see State v. Michael Chaney, No. 01C01-9801-CC-00010, 1999 WL 97914, at *1 n.2 (Tenn. Crim. App., Nashville, Feb. 18, 1999).

A trial court has statutory authority to admit trustworthy and probative evidence, including hearsay, for sentencing purposes. Tenn. Code Ann. § 40-35-209(b); State v. Chambless, 682 S.W.2d 227, 233 (Tenn. Crim. App. 1984); State v. Flynn, 675 S.W.2d 494, 498 (Tenn. Crim. App. 1984). "Reliable hearsay" is admissible in a probation revocation hearing so long as the opposing party has a fair opportunity to rebut the evidence. Tenn. Code Ann. § 40-35-209(b). Moreover, our supreme court has determined that hearsay evidence is admissible at a probation revocation hearing, thus depriving the probationer of the right to cross-examination, when minimum confrontation requirements of Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973), are met. See State v. Wade, 863 S.W.2d 406, 409 (Tenn. 1993). Those include (1) a specific finding by the trial court of "good cause" that would justify the denial of the defendant's right to confront and cross-examine an adverse witness; and (2) a showing that the information contained in the report or testimony is reliable. See id.

It is generally recognized that in order to prevail in a revocation proceeding based upon allegations of criminal misconduct, the State must show by a preponderance of the evidence that the defendant violated the law. See State v. Michael Harlan Byrd, No. 01C01-9609-CC-00411, 1998 WL 216859, at *7 (Tenn. Crim. App., Nashville, May 1, 1998). The State need not show a conviction for the new offense, but it should show by a preponderance of the evidence that the defendant violated the law. See State v. Andrew B. Edwards, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App., Jackson, May 26, 2000).

The Defendant cites State v. Calvin Austin, No. W2005-02592-CCA-R3-CD, 2006 WL 4555240 (Tenn. Crim. App., Jackson, Aug. 9, 2006), to support his argument that the trial court erred because it based the revocation of probation merely on the fact that he was arrested. See also State v. James R. Bulter, No. M2008-01842-CCA-R3-CD, 2009 WL 3400677 (Tenn. Crim. App., Nashville, Oct. 20, 2009). In Austin, the trial court based the revocation of probation on the fact that the defendant had been arrested on new charges, without separate evidence from the State to corroborate this claim. 2006 WL 4555240, at *2. The only evidence before the trial court was the testimony of the probation officer and the stipulation by the defendant that he had been arrested while on probation. The record did not contain the new arrest warrant or indictment on which the violation of probation was based. Id. at *3. Further, the record failed to include the probation violation warrant. Finally, the trial court based its decision to revoke the defendant's probation on the mere fact of an arrest rather than proof of commission of new offenses by a preponderance of the evidence. Id. As a result, this Court concluded that the trial court abused its discretion.

Here, the only testimony offered at the hearing was that of the Defendant's probation officer, who had no personal knowledge of any of the allegations made in the violation warrant. However, it was the trial court that foreclosed the State from admitting the full arrest warrants, presumably with supporting affidavits, into evidence. The trial court incorrectly ruled that it could not consider the information contained in the arrest warrants. The arrest warrants alone, with supporting affidavits, may have been sufficient to support the revocation. See, e.g., State v. Frederick Neblett, No. 01C01-9805-CR-00232, 1999 WL 142069, at *3 (Tenn. Crim. App., Mar. 17, 1999) (trial court properly relied on facsimile copy of arrest warrant which was reliable hearsay and where good cause existed to allow its introduction); State v. Whitehead, No. 86-220-III, 1987 WL 7984, at *2 (Tenn. Crim. App., Nashville, Mar. 17, 1987 (arrest report admissible in determining probation revocation). Cf. State v. Woodall, 729 S.W.2d 91 (Tenn. 1987) (date of the offense in arrest warrant was sufficient to show prior conviction for purposes of establishing habitual criminality). The terms of the violation warrant put the Defendant on notice that the State would assert the new charges as part of its case for revocation. Whitehead, 1987 WL 7984, at *2.

Nonetheless, the arrest warrants are not in the record, and thus we do not know if the records were certified copies or what facts were contained therein. Moreover, given the trial court's brief ruling, we do not know to what extent the court relied upon the additional allegations contained in the violation warrant in revoking the Defendant's probation. The trial court permitted Mr. Ferrell's testimony about the allegations in the violation warrant, but it made no findings that the testimony was reliable or that good cause required its admission. The record before us does not support revocation of the Defendant's probation.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for a hearing for the trial court to determine whether the preponderance of the evidence justifies a revocation of probation.

_____
DAVID H. WELLES, JUDGE